1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7   KEYSTONE FRUIT MARKETING,
    INC.,                                    NO: CV-10-5145-RMP
8
                         Plaintiff,          ORDER DENYING PLAINTIFF'S
9       v.                                   MOTION FOR REMAND,
                                             DENYING WITH LEAVE TO
10  NATIONAL FIRE INSURANCE                  RENEW DEFENDANT'S MOTION
    COMPANY OF HARTFORD,                     TO DISMISS OR TRANSFER, AND
11                                           STAYING THIS CASE
                         Defendant.
12

13                        **I.  INTRODUCTION**

14          Before the Court are the Defendant's Motion to Dismiss or Transfer in Favor

15  of First-Filed Action, ECF No. 3, and the Plaintiff's Motion Dismiss or Stay and

16  Remand, ECF No. 9.  The Court has reviewed the Defendant's Motion, ECF No. 3,

17  the Defendant's Memorandum, ECF No. 5, the Declaration of Donna M.

18  Chamberlin, ECF No. 6, the Defendant's Reply, ECF No. 15, the Plaintiff's

19  Motion, ECF No. 9, the Plaintiff's Memorandum, ECF No. 10, the Declaration of

20  George M. Ahrend, ECF No. 11, 13, the Defendant's Response, ECF No. 16, the

    ORDER DENYING PLAINTIFF'S MOTION FOR REMAND, DENYING WITH
    LEAVE TO RENEW DEFENDANT'S MOTION TO DISMISS OR TRANSFER,
    AND STAYING THIS CASE ~ 1

1  Notice of Filing in Related Action, ECF No. 21, the file and pleadings in this

2  matter.  The Court heard oral argument, and is fully informed.

3  ## II. BACKGROUND

4        The genesis of this action is a dispute over insurance coverage.  According

5  to the underlying complaint, Keystone Fruit Marketing, Inc. ("Keystone") is a

6  Pennsylvania corporation doing business in Walla Walla, Washington.  ECF No. 1

7  at 8.  Keystone purchased an insurance policy from National Fire Insurance

8  Company of Hartford ("National").  ECF No. 1 at 9.  That policy included

9  coverage for "employee dishonesty."  ECF No. 1 at 9.

10        An employee of Keystone allegedly stole more than $18,897.30 from

11  Keystone.  ECF No. 1 at 9.  The employee also allegedly stole $253,033.90 from a

12  business known as Agraventure Farms, LLC ("Agraventure") and $28,320.31 from

13  a business known as Walla Walla River Farms ("WWRF").  ECF No. 1 at 9.

14  Keystone claimed coverage for the thefts from all three companies.  ECF No. 1 at

15  10.  National asserted that only the theft from Keystone was covered under the

16  policy.  ECF No. 1 at 10.

17        On October 14, 2010, Keystone filed a pre-suit notice of claim with the

18  Washington State Insurance Commissioner and served a copy to National.  ECF

19  No. 13 at 2, 44-52.  Under Washington Law, pre-suit notice must be provided to

20  the Washington State Office of the Insurance Commissioner and the insurance

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND, DENYING WITH
LEAVE TO RENEW DEFENDANT'S MOTION TO DISMISS OR TRANSFER,
AND STAYING THIS CASE ~ 2

company twenty days before an action may be filed against the insurance company in Washington State Superior Court. RCW 48.30.015(8)(a).

On October 27, 2010, National filed a complaint in the United States District Court for the Middle District of Pennsylvania seeking a declaration that it had no duty to cover the Agraventure and WWRF claims. ECF No. 6 at 3, 11-21. Keystone filed a motion to dismiss the Middle District of Pennsylvania action arguing that the district court had discretion to decline jurisdiction under the Declaratory Judgment Act, that the district court should abstain, and that the doctrine of forum non conveniens applied. ECF No. 13 at 4-7.

On December 1, 2010, Keystone filed the present action in Washington State Superior Court for Walla Walla County alleging violations of Washington's Insurance Fair Conduct Act and Washington's Consumer Protection Act. ECF No. 1 at 8-17.

National removed the Washington state court action to this Court asserting diversity jurisdiction. ECF No. 1. National then moved this Court to dismiss this case in favor of the action filed in the Middle District of Pennsylvania under the first-to-file rule or, alternatively, to transfer the case in this Court to the Middle District of Pennsylvania under 28 U.S.C. § 1404(a). ECF No. 3.

Keystone did not file a written response to National's motion. Instead, Keystone filed a motion arguing that this Court should remand the action back to

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND, DENYING WITH LEAVE TO RENEW DEFENDANT'S MOTION TO DISMISS OR TRANSFER, AND STAYING THIS CASE ~ 3

Washington state court in light of various abstention doctrines.  ECF No. 9.

However, at oral argument, Keystone's counsel appeared to concede that removal

precludes abstention in the Ninth Circuit.  As it is unclear whether this contention

was intended to address all of Keytone's arguments in favor of abstention, and as

Keystone never formally rescinded the motion, the Court will briefly address the

abstention issue.

### III.    DISCUSSION

**Keystone's Motion to Remand**

Keystone has moved this Court to either dismiss or stay this case and

remand back to Washington state court under a theory of abstention

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred

upon them by Congress."  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716

(1996) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S.

800 (1976)).  However, "federal courts may decline to exercise their jurisdiction, in

otherwise '"exceptional circumstances,"' where denying a federal forum would

clearly serve an important countervailing interest."  *Id.* (quoting *Colorado River*,

424 U.S. at 813 (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S.

185, 189 (1959))).

Keystone asserts that such exceptional circumstances exist in this case and

that the Court should remand back to Washington state court.  Specifically,

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND, DENYING WITH
LEAVE TO RENEW DEFENDANT'S MOTION TO DISMISS OR TRANSFER,
AND STAYING THIS CASE ~ 4

1    Keystone asserts that the *Burford*[1], *Thibodaux*[2], and *Colorado River* doctrines

2    support abstention and subsequent remand in this case.

3         "*Burford* abstention is designed to protect 'complex state administrative

4    processes from undue federal interference.'"  *Kirkbride v. Continental Cas. Co.*,

5    933 F.2d 729, 734 (9th Cir. 1991) (quoting *New Orleans Pub. Serv., Inc. v.*

6    *Council of City of New Orleans*, 491 U.S. 350, 361 (1989)).  The Ninth Circuit has

7    held that *Burford* abstention is appropriate only where: (1) "the state has

8    concentrated suits involving the local issue in a particular court; (2) the federal

9    issues are not easily separable from complicated state law issues with which the

10   state courts may have special competence; and (3) . . . federal review might disrupt

11   state efforts to establish a coherent policy."  The first factor can be dispositive.  *See*

12   *e.g. Kirkbride*, 933 F.2d at 734.  In this case, the original action was brought in a

13   court of general jurisdiction in Washington.  ECF No. 1-1.  Because insurance

14   disputes in Washington are not addressed in a specialized court system, *Burford*

15   abstention is inappropriate here.  *See Kirkbride*, 933 F.2d at 734 ("The fact that

16   California has not established a specialized court system to resolve disputes over

17   insurance policy coverage convinces us that application of the *Burford* doctrine to

18   this case is unwarranted.").  Therefore, the Court refuses to abstain on this ground.

_____

[1] *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).

[2] *Louisiana Power & Light Co. v. Thibodaux*, 360 U.S. 25 (1959).

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND, DENYING WITH
LEAVE TO RENEW DEFENDANT'S MOTION TO DISMISS OR TRANSFER,
AND STAYING THIS CASE ~ 5

*Thibodaux* abstention is related to *Burford* abstention and is appropriate where "there are difficult questions of state law involving policy considerations that transcend the result in the case at the bar." *American Int'l Underwriters, (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1257 (9th Cir. 1988) (citing *Thibodaux*, 360 U.S. at 29). Here, Keystone has not identified an open question of law that implicates state policy interests extending beyond the scope of this case. Instead, Keystone has merely argued that a statute under which it has brought this suit is relatively new and not yet extensively interpreted. Such an argument is insufficient to establish a need for abstention under *Thibodaux*. Here, we have a typical insurance dispute, and *Thibodaux* abstention is inappropriate.

*Colorado River* abstention is "'available only "in situations involving the *contemporaneous exercise* of concurrent jurisdictions, either by the federal courts or by state and federal courts."'" *Id.* (quoting *Fed. Deposit Ins. Corp. v. Nichols*, 885 F.2d 633, 638 (9th Cir. 1989)) (emphasis in original). Here, Keystone is not seeking abstention in favor of the parallel action filed in the Middle District of Pennsylvania. Instead, Keystone is arguing that we should remand back to Washington state court. However, when an entire case is removed to federal court, there is no parallel state action that remains in state court. *Id.* Accordingly, *Colorado River* does not supply a basis for abstention in this case because there is no parallel state action.

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND, DENYING WITH LEAVE TO RENEW DEFENDANT'S MOTION TO DISMISS OR TRANSFER, AND STAYING THIS CASE ~ 6

1    In light of the foregoing, Keystone has failed to establish that "exceptional

2    circumstances" exist which justify abstention or remand in this case.

3    **National's Motion to Dismiss or Transfer**

4    National has moved this Court to dismiss this case under the first-to-file rule

5    in favor of the action it filed in the Middle District of Pennsylvania.  Alternatively,

6    National asks this Court to transfer the action to the Middle District of

7    Pennsylvania under 28 U.S.C. § 1404(a).

8    The first-to-file rule provides that "when cases involving the same parties

9    and issues have been filed in two different districts, the second district court has

10   discretion to transfer, stay, or dismiss the second case in the interest of efficiency

11   and judicial economy."  *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th

12   Cir. 1997) (citing *Alltrade, Inc. v. Uniweld Prods.*, 946 F.2d 622, 625, 628-29 (9th

13   Cir. 1991)).

14   The parties do not dispute that the present action and the action filed in the

15   Middle District of Pennsylvania involve the same parties and issues.  *See* ECF No.

16   1 at 8-17; ECF No. 6 at 11-21.  The action in the Middle District of Pennsylvania

17   was filed on October 27, 2010.  ECF No. 6 at 3.  The present action was filed in

18   Washington State Superior Court on December 1, 2010.  ECF No. 1 at 8.

19   Therefore, a straight-forward application of the rule would suggest that the

20

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND, DENYING WITH
LEAVE TO RENEW DEFENDANT'S MOTION TO DISMISS OR TRANSFER,
AND STAYING THIS CASE ~ 7

1    appropriate procedure is to transfer, stay, or dismiss the present action in deference

2    to the previously filed Middle District of Pennsylvania action.

3           However, the first-to-file rule is not to be applied mechanically.  *Alltrade*,

4    946 F.2d at 627-28 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342

5    U.S. 180, 183 (1952)).   Instead, application of the rule "involves determinations

6    concerning '[w]ise judicial administration, giving regard to conservation of judicial

7    resources and comprehensive disposition of litigation.'"  *Pacesetter Sys., Inc. v.*

8    *Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) (quoting *Kerotest*, 342 U.S. at

9    183-84).  A district court enjoys "'an ample degree of discretion'" in applying the

10   rule.  *Id.* (citing *Kerotest*, 342 U.S. at 183-84).

11          The most applicable guidance to this case regarding the first-to-file rule can

12   be found in the Ninth Circuit's opinion in *Alltrade*.  In that case, Uniweld Products,

13   Inc. and Alltrade, Inc. were involved in a trademark dispute.  *Id.* at 624.  The

14   Trademark Trial and Appeal Board ruled in favor of Uniweld.  *Id.*  Uniweld

15   subsequently filed an action in the United States District Court for the Southern

16   District of Florida alleging unfair competition, trademark infringement, and

17   violation of Florida's anti-dilution laws.  *Id.*   As part of its suit, Uniweld also

18   sought review of portions of the Board's ruling with which Uniweld disagreed.  *Id.*

19   One day after Uniweld filed its action, Alltrade filed an action in the United States

20   District Court for the Central District of California seeking review of the Board's

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND, DENYING WITH
LEAVE TO RENEW DEFENDANT'S MOTION TO DISMISS OR TRANSFER,
AND STAYING THIS CASE ~ 8

1  ruling and a declaration that Alltrade had not infringed Uniweld's trademark. *Id.*

2  The California court applied the first-to-file rule and dismissed Alltrade's action.

3  *Id.* Alltrade appealed. *Id.*

4      On appeal, Alltrade argued that the Florida court lacked jurisdiction to hear

5  Uniweld's appeal of the Board's ruling because Uniweld was the prevailing party.

6  *Id.* at 625. Because the Florida court lacked jurisdiction, the California court

7  should not have dismissed the case. *Id.* at 625. Alltrade further argued that

8  "equitable concerns militate[d] against application of the rule" because Uniweld's

9  appeal was made in anticipation of Alltrade's appeal and California was a more

10  convenient forum. *Id.* at 627.

11      The Ninth Circuit recognized that circumstances justifying departure from

12  the first-to-file rule included bad faith, anticipatory suits, and forum shopping. *Id.*

13  at 628. However, the *Alltrade* court noted that the "most basic aspect of the first-

14  to-file rule is that it is discretionary." *Id.* Therefore, even where such

15  circumstances exist, the district court still has discretion to determine whether or

16  not to accept a case. *Id.* The court went on to declare that the convenience of the

17  forum was an issue that should normally "'be addressed to the court in the first-

18  filed action.'" *Id.* (quoting *Pacesetter*, 678 F.2d at 96). The convenience inquiry

19  need not be duplicated by the court in the second-filed action. *Id.* (quoting

20

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND, DENYING WITH
LEAVE TO RENEW DEFENDANT'S MOTION TO DISMISS OR TRANSFER,
AND STAYING THIS CASE ~ 9

1   *Pacesetter*, 678 F.2d at 96).  Therefore, the court held that equitable considerations

2   did not require the California court to retain jurisdiction.

3         The *Alltrade* court ultimately held that the California court erred in

4   dismissing the case.  *Id.* at 628-29.  The basis for the court's decision was the

5   questionable jurisdiction of the Florida court.  *Id.* The court agreed with Alltrade

6   that there was some question as to whether Uniweld, as the prevailing party, could

7   appeal the Board's decision to the district court.  *Id.* at 625-27.  However, the court

8   recognized that the Florida court, not the California court, was the court that would

9   have to resolve the jurisdictional issue.  *Id.* at 627.  In order to avoid the risk that

10  both courts would dismiss and Alltrade's claims would be barred on statute of

11  limitation grounds, the court reversed the California court's dismissal in favor of a

12  stay.  *Id.* at 629.

13        The situation in this case is quite similar.  The Defendant has asked this

14  Court to decline jurisdiction in favor of the first-filed action in the Middle District

15  of Pennsylvania or transfer the action under 28 U.S.C. § 1404(a).  The Plaintiff

16  asserts that the Court should decline to follow the first-to-file rule because the

17  Defendants filed the Pennsylvania action in anticipation of the Plaintiff's lawsuit.

18  Additionally, the Plaintiff has argued that it has pending motions to dismiss in the

19  Pennsylvania action that raise concerns over whether that court will decline

20  jurisdiction.

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND, DENYING WITH
LEAVE TO RENEW DEFENDANT'S MOTION TO DISMISS OR TRANSFER,
AND STAYING THIS CASE ~ 10

The timing of National's filing of the Pennsylvania action is indicative of an anticipatory action.  National filed its complaint only thirteen days after Keystone served the pre-suit notice required by Washington law and seven days before Keystone could bring suit in Washington.  Additionally, National notes that Keystone had threatened to file a lawsuit prior to National's filing of its declaratory judgment action in Pennsylvania.  ECF No. 6 at 7.  As another district court noted: "'the Declaratory Judgment Act is not to be invoked to deprive a plaintiff of his conventional choice of forum and timing, precipitating a disorderly race to the courthouse.'" *ivi, Inc. v. Fisher Communications, Inc.*, No. C10-1512JLR, 2011 WL 197419, at *3 (W.D. Wash. Jan. 19, 2011) (quoting *Defeo v. Prctor & Gamble Co.*, 831 F. Supp. 776, 778 (N.D. Cal 1993)).  That appears to be the situation in the present case.  The fact that National's declaratory judgment action appears to be an anticipatory action weighs in favor of this court choosing to retain jurisdiction over this case.

While the anticipatory nature of the Pennsylvania filing supports retention of jurisdiction in this Court, it does not command retention.  Ultimately, the first-to-file rule exists to promote the interests of efficiency and judicial economy.  *Shalala*, 125 F.3d at 769.  Here, there is a real danger that this Court and the Middle District of Pennsylvania could both choose to exercise jurisdiction.  If that

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND, DENYING WITH LEAVE TO RENEW DEFENDANT'S MOTION TO DISMISS OR TRANSFER, AND STAYING THIS CASE ~ 11

were to occur, both courts would engage in duplicative efforts that would be neither economical nor efficient.

Additionally, the courts could issue contradictory decisions that could lead to further litigation.   If the Middle District of Pennsylvania decides to dismiss the declaratory judgment action currently pending before it, this Court would see no barrier to asserting jurisdiction.  However, this Court will restrain from asserting jurisdiction at this time in order to avoid any conflicts with the Middle District of Pennsylvania court.

Although this Court could avoid the risks of duplication of effort and contradictory results by dismissing the case, there is another danger that counsels against outright dismissal.  At this time, subject matter jurisdiction is not settled in the Middle District of Pennsylvania.  National's case in Pennsylvania was brought as a declaratory judgment action.  A district court's jurisdiction to hear a declaratory judgment action is discretionary.  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)).

Keystone currently has two pending motions to dismiss before the Middle District of Pennsylvania that are based on subject matter jurisdiction.  Those motions were referred to a magistrate judge and that judge has filed a report and recommendation recommending dismissal.  If this Court were to dismiss the case

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND, DENYING WITH LEAVE TO RENEW DEFENDANT'S MOTION TO DISMISS OR TRANSFER, AND STAYING THIS CASE ~ 12

at this juncture, there is a danger that both this Court and the Middle District of Pennsylvania could dismiss all actions. This Court would be making the same error as the district court in *Allstate* if it were to dismiss this case. Accordingly, dismissal is not appropriate at this time.

National urges this court to transfer this action to the Middle District of Pennsylvania under 28 U.S.C. § 1404(a). The Ninth Circuit made clear in *Allstate* that "normally, [that argument] should be addressed to the court in the first-filed action," and "[t]he court in the second-filed action is not required to duplicate this inquiry." 946 F.2d at 628 (quoting *Pacesetter*, 678 F.2d at 96). This Court declines to address the transfer issue and defers to the Middle District of Pennsylvania on any transfer issue.

Having eliminated the other options, the Court concludes that a stay is appropriate in this case. Accordingly, the Court stays the action pending a determination of whether the Middle District of Pennsylvania will exercise jurisdiction. In the interests of clarity, this Court declares that if the Middle District of Pennsylvania declines to exercise jurisdiction, this Court will exercise jurisdiction over the present action. However, if the Middle District of Pennsylvania chooses to exercise its jurisdiction over the declaratory judgment action, this Court will dismiss the current action in favor of the first-filed Middle District of Pennsylvania action.

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND, DENYING WITH LEAVE TO RENEW DEFENDANT'S MOTION TO DISMISS OR TRANSFER, AND STAYING THIS CASE ~ 13

## IV.    CONCLUSION

This Court has subject matter jurisdiction in this case.  There is no basis for abstention and, consequently, no basis for remanding to state court.  In light of the parallel action in the United States District Court for the Middle District of Pennsylvania, this Court imposes a stay to ensure that the parties have an opportunity to be heard while avoiding the risks of duplicative and inefficient court proceedings.

Accordingly, **IT IS HEREBY ORDERED:**

1.  The Plaintiff's Motion Dismiss or Stay and Remand, **ECF No. 9**, is **GRANTED in part** and **DENIED in part** as set out in this Order.

2.  The Defendant's Motion to Dismiss or Transfer in Favor of First-Filed Action, **ECF No. 3**, is **GRANTED in part** and **DENIED in part** as set out in this order with leave to renew upon resolution of Plaintiff's motions to dismiss in the Middle District of Pennsylvania action No. 10-CV-02220.

3.  This case and all pending deadlines are hereby **STAYED**.

4.  Either party may bring a motion to terminate the stay upon resolution of the Plaintiff's motions to dismiss in the Middle District of Pennsylvania action No. 10-CV-02220.  Such a motion to terminate the stay must be supported by sufficient evidence for this Court to determine whether the

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND, DENYING WITH LEAVE TO RENEW DEFENDANT'S MOTION TO DISMISS OR TRANSFER, AND STAYING THIS CASE ~ 14

United States District Court for the Middle District of Pennsylvania has

dismissed or accepted jurisdiction and must conform to the requirements

of LR 7.1.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order and to

provide copies to counsel.

**DATED** this 1st day of August, 2011.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND, DENYING WITH
LEAVE TO RENEW DEFENDANT'S MOTION TO DISMISS OR TRANSFER,
AND STAYING THIS CASE ~ 15